IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM CORDOBA,                              No. C 12-4857 SBA (PR)

        Plaintiff,                    **ORDER OF SERVICE**

  v.

SILVIA PULIDO,

        Defendant.
_____/

## INTRODUCTION

Plaintiff, a state prisoner formerly incarcerated at San Quentin State Prison ("SQSP"), has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 alleging a claim of sexual harassment against his former supervisor, SQSP Vocational Janitorial Instructor Silvia Pulido.  Plaintiff seeks monetary damages.  Plaintiff has also filed a motion for leave to proceed <u>in forma pauperis</u>.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP in Marin County, which is located in this judicial district.  <u>See</u> 28 U.S.C. § 1391(b).

## DISCUSSION

### I.    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  <u>Id.</u> § 1915A(b)(1), (2).  <u>Pro se</u> pleadings must be liberally construed.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

## II.     Sexual Harassment Claim

A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner.  Thomas v. District of Columbia, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing Hudson v. McMillian, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted).   Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm.  See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc).  However, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation - - the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force.  See Hudson, 503 U.S. at 9-10; Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him).  A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment.  See, e.g., Jordan, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Plaintiff alleges that on May 17, 2010, Defendant Pulido hired him as her clerk and then coerced Plaintiff into "being her sex slave" by promising him that she would hire an attorney to "get him out of prison."  (Compl. at 3a.)[1]  Eventually, Plaintiff discovered that Defendant Pulido had been lying to him and stopped performing sexual favors for her.  (Id.)

---

[1] There is an extra page attached to page three of the complaint; therefore, the Court has labeled them as pages "3a" and "3b."

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  Defendant Pulido then requested that Plaintiff be reassigned because Plaintiff had been

2  stalking her.  (Id.)  Based upon Defendant Pulido's accusation, Lieutenant D. G. Graham

3  ordered Plaintiff's placement in administrative segregation on September 2, 2010.  (Id.)

4  However, on September 3, 2010, Plaintiff revealed to Lieutenant H. Williams that he was

5  sexually harassed by Defendant Pulido.  (Id. at 3a-3b.)  An internal affairs investigation --

6  No. N-SQ-905-10-A -- was initiated.  (Id. at 3b.)  As a result of the investigation, Defendant

7  Pulido was fired from her position, and Plaintiff was transferred to Avenal State Prison

8  ("ASP").  (Id.)  Plaintiff has been receiving "one-on-one psychiatric therapy" at ASP as a

9  result of his "ordeal at the hands of Ms. Pulido."  (Id.)

10       Liberally construed, Plaintiff's allegations state a cognizable Eighth Amendment

11  claim for sexual harassment against Defendant Pulido.  Accordingly, this claim may proceed

12  against her.

13                              **CONCLUSION**

14       For the foregoing reasons, the Court orders as follows:

15       1.      Plaintiff states a cognizable Eighth Amendment claim for sexual harassment

16  against Defendant Pulido.

17       2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver

18  of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the

19  complaint and all attachments thereto (Dkt. 1) and a copy of this Order to **Former**

20  **Vocational Janitorial Instructor Silvia Pulido at SQSP.**  The Clerk of the Court shall also

21  mail a copy of the complaint and a copy of this Order to the State Attorney General's Office

22  in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

23       3.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure

24  requires her to cooperate in saving unnecessary costs of service of the summons and

25  complaint.  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by

26  the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, she will be

27  required to bear the cost of such service unless good cause be shown for her failure to sign

28  and return the waiver form.  If service is waived, this action will proceed as if Defendant had

**United States District Court**
For the Northern District of California

1  been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B),

2  Defendant will not be required to serve and file an answer before **sixty (60) days** from the

3  date on which the request for waiver was sent.  (This allows a longer time to respond than

4  would be required if formal service of summons is necessary.)  Defendant is asked to read

5  the statement set forth at the foot of the waiver form that more completely describes the

6  duties of the parties with regard to waiver of service of the summons.  If service is waived

7  after the date provided in the Notice but before Defendant has been personally served, the

8  Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent

9  or **twenty (20) days** from the date the waiver form is filed, whichever is later.

10       4.       Defendant shall answer the complaint in accordance with the Federal Rules of

11  Civil Procedure.  The following briefing schedule shall govern dispositive motions in this

12  action:

13            a.       No later than **sixty (60) days** from the date the answer is due, Defendant

14  shall file a motion for summary judgment or other dispositive motion.  The motion must be

15  supported by adequate factual documentation, must conform in all respects to Federal Rule

16  of Civil Procedure 56, and must include as exhibits all records and incident reports stemming

17  from the events at issue.  A motion for summary judgment also must be accompanied by a

18  Rand[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of

19  him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012)

20  (notice requirement set out in Rand must be served concurrently with motion for summary

21  judgment).  A motion to dismiss for failure to exhaust available administrative remedies

22  must be accompanied by a similar notice.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir.

23  2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d

24  1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to

25  exhaust available administrative remedies).

26            If Defendant is of the opinion that this case cannot be resolved by summary judgment,

27

28            [2] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

United States District Court

For the Northern District of California

1   Defendant shall so inform the Court prior to the date the summary judgment motion is due.

2   All papers filed with the Court shall be promptly served on Plaintiff.

3           b.      Plaintiff's opposition to the dispositive motion shall be filed with the

4   Court and served on Defendant no later than **twenty-eight (28) days** after the date on which

5   Defendant's motion is filed.

6           c.      Plaintiff is advised that a motion for summary judgment under Rule 56

7   of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you

8   what you must do in order to oppose a motion for summary judgment.  Generally, summary

9   judgment must be granted when there is no genuine issue of material fact -- that is, if there is

10  no real dispute about any fact that would affect the result of your case, the party who asked

11  for summary judgment is entitled to judgment as a matter of law, which will end your case.

12  When a party you are suing makes a motion for summary judgment that is properly

13  supported by declarations (or other sworn testimony), you cannot simply rely on what your

14  complaint says.  Instead, you must set out specific facts in declarations, depositions, answers

15  to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the

16  facts shown in the defendant's declarations and documents and show that there is a genuine

17  issue of material fact for trial.  If you do not submit your own evidence in opposition,

18  summary judgment, if appropriate, may be entered against you.  If summary judgment is

19  granted, your case will be dismissed and there will be no trial.  Rand, 154 F.3d at 962-63.

20      Plaintiff also is advised that a motion to dismiss for failure to exhaust available

21  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

22  without prejudice.  You must "develop a record" and present it in your opposition in order to

23  dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt,

24  315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did

25  exhaust your available administrative remedies before coming to federal court.  Such

26  evidence may include: (1) declarations, which are statements signed under penalty of perjury

27  by you or others who have personal knowledge of relevant matters; (2) authenticated

28  documents -- documents accompanied by a declaration showing where they came from and

why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  <u>Stratton</u>, 697 F.3d at 1008-09.

(The <u>Rand</u> and <u>Wyatt/Stratton</u> notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 935.)

d.     Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.     All communications by Plaintiff with the Court must be served on Defendant by mailing a true copy of the document to Defendant's counsel.

7.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8.     Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: _____1/29/2014_____     _____
SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California