UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM CORDOBA,<br><br>    Plaintiff,<br><br>v.<br><br>SILVIA PULIDO,<br><br>    Defendant. | Case No. 12-cv-04857-SBA  (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS; GRANTING HIS MOTION FOR APPOINTMENT OF COUNSEL; REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT; AND STAYING PROCEEDINGS PENDING APPOINTMENT OF COUNSEL** |

## I.  BACKGROUND

Plaintiff William Cordoba, a state prisoner formerly incarcerated at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging a claim of sexual harassment against his former supervisor, SQSP Vocational Janitorial Instructor Silvia Pulido ("Defendant").  Dkt. 1.  The Court has determined that Defendant is not entitled to summary judgment on exhaustion grounds because there is a triable factual issue as to whether Plaintiff properly exhausted the administrative remedies that were available to him on his sexual harassment claim.  Dkts. 41, 68.  The parties' attempts to settle this matter have not been successful.  Dkt. 78.  Therefore, this matter will be set for trial.

Before the Court are Plaintiff's motion for sanctions, motion for appointment of counsel, and motion to compel discovery.  Dkts. 76, 88, 90.

## II.  DISCUSSION

### A.  MOTION FOR SANCTIONS

In his motion for sanctions, Plaintiff requests the Court to issue "the appropriate sanctions" on Defendant's attorney on the grounds that defense counsel did not appear for a telephonic status conference to discuss settlement proceedings before Magistrate Judge Nandor Vadas on November 17, 2015.  Dkt. 76 at 2-3.  The record shows that, in fact,

defense counsel called in to attend the November 17, 2015 telephonic status conference; however, Plaintiff was not able to join the call. Serra Decl. ¶¶ 3-4. The record further shows that the complications leading to Plaintiff's inability to join the November 17, 2015 telephonic status conference were technical in nature, and that defense counsel took steps to rectify the situation. Dkt. 80 at 2-3; Serra Decl. ¶¶ 3-6; Wooley Decl. ¶¶ 3-7. Thereafter, the parties were successful in their attempts to have another telephone conference, but Judge Vadas was no longer available. Dkt. 80 at 3. Defense counsel and Plaintiff were then able to meet and confer over the phone along with a representative of the California Department of Corrections and Rehabilitation prior to the settlement conference, as required by Judge Vadas. *Id.* at 3; Serra Decl. ¶ 6. The parties met for a settlement conference on December 9, 2015; however, as noted, the case did not settle. Dkt. 78.

Accordingly, Plaintiff's motion for sanctions is DENIED. Dkt. 78.

**B.    MOTION FOR APPOINTMENT OF COUNSEL**

"Generally, a person has no right to counsel in civil actions. . . . However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). To determine "exceptional circumstances" are present, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Id. In determining whether exceptional circumstances exist, "[a] district court must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." Cano v. Taylor, 739 F.3d 1214, 1218 (9th Cir. 2014). Based on the record presented, the Court finds that the appointment of counsel is appropriate. Therefore, the Court exercises its discretion to GRANT Plaintiff's request for appointment of counsel. Dkt. 88.

### III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for sanctions is DENIED. Dkt. 76.

2. Plaintiff's request for appointment of counsel is GRANTED. Dkt. 88.

3. Having determined that it would be beneficial to have counsel assist Plaintiff in this matter, and good and just cause appearing, the Court hereby REFERS the action to the Federal Pro Bono Project ("Project") to secure pro bono counsel to represent Plaintiff in this action, in the manner set forth below:

    a. The Clerk of the Court shall forward the Referral Order to the appropriate Project office, San Francisco or San Jose, determined by whether the referring judge is located in the San Francisco/Oakland or San Jose division. The scope of this referral shall be for:

X   <u>all purposes</u> for the duration of the case

☐   the <u>limited purpose</u> of representing the litigant in the course of

    ☐ mediation

    ☐ early neutral evaluation

    ☐ settlement conference

    ☐ briefing ☐ and hearing on the following motion (e.g., motion for summary judgment or motion to dismiss):

    _____

    ☐ discovery as follows:

    _____

    ☐ other:

    _____

    b. Upon being notified by the Project that an attorney has been located to represent Plaintiff, that attorney shall be appointed as counsel for Plaintiff in this matter for the scope of representation described above. If the appointment of counsel is for limited purposes, the Court shall issue an order relieving the volunteer attorney from the limited representation of the litigant once those purposes have been fulfilled.

    c. The instant action is temporarily STAYED and administratively

closed until the Court is informed by the Project that counsel has been secured and appointed by the Court. Upon the appointment of counsel, the action will be reopened, the case will continue to be stayed until **four (4) weeks** from the date an attorney is appointed to represent Plaintiff, and a Case Management Conference will be scheduled.

    4.    Plaintiff's remaining motion to compel discovery is DENIED without prejudice to refiling after counsel has been appointed for Plaintiff. Dkt. 90.

    5.    This Order terminates Docket Nos. 76, 88, and 90.

IT IS SO ORDERED.

Dated: 3/28/16

*[signature]*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\CR.12\Cordoba4857.GrantAtty&ReferFPBP&AddressMots.docx