UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM CORDOBA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SILVIA PULIDO,<br><br>　　　　Defendant. | Case No: C 12-04857 SBA<br><br>**ORDER STRIKING IMPROPER MOTION**<br><br>Dkt. 186 |

　　　On June 19, 2017, the Court referred Plaintiff's Motion for Adverse Inference Instruction, Dkt. 155, to the Chief Magistrate Judge or his designee for determination, Dkt. 159. On July 24, 2017, Magistrate Judge Sallie Kim ("Magistrate") issued her Report and Recommendation on Plaintiff's motion. Dkt. 184. In response thereto, Defendant timely filed an eight-page Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge. Dkt. 186. The motion is erroneously noticed for September 13, 2018.

　　　Defendant filed their motion for de novo review under Civil Local Rule 72-3, which applies to a dispositive matter referred to a magistrate judge. However, a motion brought under Federal Rule of Civil Procedure 37(e) for an adverse inference instruction based on the spoliation of evidence is not considered a dispositive matter. See Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 988-89 (N.D. Cal. 2012) (finding that a magistrate judge's ruling on a request for an adverse inference instruction is not a dispositive matter); Clear-View Techs., Inc. v. Rasnick, No. 5:13-CV-02744-BLF, 2015

WL 2251005, at *6 (N.D. Cal. May 13, 2015) ("Magistrate judges may issue monetary sanctions and adverse inference jury instructions for spoliation. Because a permissive adverse inference jury instruction 'does not "have an effect similar to those motions considered dispositive" under § 636(b)(1)(A),' such an instruction 'is not properly characterized as "dispositive" and so is within the magistrate judge's authority'") (footnotes and citations omitted).

Since Plaintiff's request for an adverse inference instruction involves a non-dispositive matter, a more deferential standard of review is applicable. Apple Inc., 888 F. Supp. 2d at 989 ("Judge Grewal's Adverse Inference Order is not a dispositive ruling under § 636(b)(1)(A) and is therefore reviewed only for clear error"). In addition, Defendant should have filed her motion under Local Rule 72-2, which governs non-dispositive matters. Because Defendant's motion applies the wrong standard of review and does not comply with the procedural requirements of Local Rule 72-2, the Court will not consider Defendant's motion and will strike it from the record. Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion"); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (recognizing that the district court has "the power to strike items from the docket as a sanction for litigation conduct").[1] Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, Dkt. 186, shall be STRICKEN from the record. Defendant may renew her objections to the Magistrate's Report and Recommendation in accordance with Civil Local Rule 72-2, provided that such motion is filed by no later than August 8, 2017. The failure of Defendant to timely refile said motion

---

[1] The Magistrate chose to issue a Report and Recommendation on Plaintiff's motion in deference to this Court's ultimate discretion regarding the instructions to be given to the jury at trial. Dkt. 184 at 7. The fact that she elected to issue a Report and Recommendation as opposed to an order on Plaintiff's motion, however, does not alter the applicable standard of review.

1 | will result in the waiver of Defendant's objections to the Magistrate's Report and
2 | Recommendation.  In the event Defendant timely and properly renews her motion, Plaintiff
3 | shall file his response, which shall not exceed five pages, by no later than <u>August 15, 2017</u>.
4 | Defendant may file a reply, no longer than two pages, by <u>August 17, 2017</u>.  The matter will
5 | be taken under submission based on the papers submitted on the date Defendant's reply is
6 | due.  <u>See</u> Civ. L.R. 7-1(b).

IT IS SO ORDERED.

Dated: 8/4/17

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge