UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM CORDOBA,<br><br>    Plaintiff,<br><br>vs.<br><br>SILVIA PULIDO,<br><br>    Defendant. | Case No: C 12-04857 SBA<br><br>**ORDER RE PLAINTIFF'S MOTION FOR ADVERSE INFERENCE INSTRUCTION**<br><br>Dkt. 155, 184, 189 |

The Court previously referred Plaintiff's Motion for Adverse Inference Instruction to Magistrate Judge Sallie Kim ("Magistrate") for resolution. In her Report and Recommendation, the Magistrate found that the Defendant destroyed her file regarding Stanley Kelly, an inmate with whom she allegedly had a sexual relationship. In evaluating whether an adverse inference instruction was warranted in light of Defendant's conduct, the Magistrate found that: (1) Defendant had an obligation to preserve the file when it was destroyed; (2) she acted with "a culpable state of mind"; and (3) the evidence was potentially relevant to the claims made by Plaintiff. Dkt. 184 at 4-6 (applying Clear-View Techs., Inc. v. Rasnick, 2015 WL 2251005 at *7 (N.D. Cal. May 13, 2015)). The Magistrate recommended that – "if evidence about Defendant's allegedly inappropriate relationship with Mr. Kelley is admitted into evidence at trial" – the Court should give a permissive adverse inference instruction pertaining to Defendant's spoliation of evidence Dkt. 184 at 4. However, she recommended denying Plaintiff's request for an adverse inference instruction based on Defendant's failure to preserve electronic mail and a draft report evaluation of Plaintiff. Id. at 7.

In response to the Magistrate's Report and Recommendation, Defendant filed an objection solely with respect to the language of the adverse inference instruction proposed by the Magistrate. Dkt. 163. Neither party has objected to any other aspect of the Magistrate's Report and Recommendation.

Notwithstanding its prior referral of Plaintiff's motion, the Court finds, upon further review of the matter, that it is premature to address Plaintiff's request for an adverse inference instruction. The resolution of whether such an instruction is warranted (and the appropriate language of the instruction, if given) is dependent, as a threshold matter, on whether and to what extent evidence regarding Defendant's alleged sexual relationship with Stanley Kelley is admitted during trial. Since these admissibility issues have yet to be resolved, the Court finds it preferable from both a procedural and substantive standpoint to revisit this issue after the admissibility of such evidence is fully briefed. In view of the parties' dispute regarding the relevance of Defendant's sexual relationship with Mr. Kelley, they should address the admission of such evidence in their motions in limine. Accordingly,

IT IS HEREBY ORDERED THAT Magistrate's Report and Recommendation is ACCEPTED, except with respect to her recommendation to give an adverse inference instruction, which is REJECTED as premature. Plaintiff's Motion for Adverse Inference Instruction is DENIED without prejudice to renewal upon the Court's resolution of the admissibility of evidence pertaining to Defendant's relationship with Mr. Kelley. The Clerk shall terminate Docket Nos. 155, 184 and 189.

IT IS SO ORDERED.

Dated: 9/6/17

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge