UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLIAM CORDOBA,

    Plaintiff,

vs.

SILVIA PULIDO,

    Defendant.

Case No: C 12-04857 SBA

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

Defendant Sylvia Pulido has filed a Motion for Leave to File a Motion for Reconsideration of Court's Ruling on Defendant's Motion in Limine No. 7 and Plaintiff's Motion in Limine No. 1. Dkt. 291. For the reasons set forth below, the motion is DENIED.

### I. <u>LEGAL STANDARD</u>

Before a party may file a motion for reconsideration, he or she must first seek leave to do so under Civil Local Rule 7-9, which states as follows.

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

|   |   |
|---|---|
| 1 | |
| 2 | (2) The emergence of new material facts or a change of law occurring after the time of such order; or |
| 3 | |
| 4 | (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. |

Reconsideration is within the court's discretion, but should not be granted, absent highly unusual circumstances…." Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

## II. DISCUSSION

### A. DEFENDANT'S MOTION IN LIMINE NO. 7

In his motions in limine, Defendant moved to exclude statements made by inmate Rhone Watson ("Watson") as hearsay. Dkt. 235 at 9-10. Plaintiff countered that the statements were admissible as a "statement against interest" under Federal Rule of Evidence 804(b)(3), or alternatively, under the "catchall" exception to the hearsay rule under Rule 807. Dkt. 245-4 at 13-14. Plaintiff's arguments under each Rule were based largely on the same analysis and record evidence. Id. The Court ruled that although Rule 804(b)(3) did not apply, the statements were sufficiently analogous to a statement against interest to fall within the purview of Rule 807. Dkt. 284 at 34-37.

Defendant now complains that the Court's ruling "improperly placed the burden to rebut points Plaintiff never argued." Dkt. 291 at 4. This contention is specious. In her reply brief, Defendant only disputed whether the statements have the equivalent guarantees of trustworthiness and Watson had sufficient personal knowledge to make those statements. Dkt. 249-4 at 8-9. The Court addressed Defendant's arguments in its Order. The factual basis for that determination was set forth in Plaintiff's opposition brief and supporting papers. Dkt. 245-4 at 13-14. That Defendant now seeks to supplement her response with arguments she could have but failed to make in her reply is not grounds for reconsideration. See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present

evidence for the first time when they could reasonably have been raised earlier in the litigation.").

### B. PLAINTIFF'S MOTION IN LIMINE NO. 1

Plaintiff's motion in limine no. 1 sought to exclude evidence of his prior convictions, including his 1982 felony convictions for second degree murder and robbery. Dkt. 237 at 5-6. Defendant argued that both felony convictions were admissible under Rule 609, which provides that a criminal conviction "punishable by death or by imprisonment for more than one year … [¶] must be admitted, *subject to Rule 403*, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Civ. P. 609(a)(1)(A) (emphasis added). The Court ruled that the robbery conviction was admissible under Rule 609. As to the murder conviction, however, the Court explained that the probative value of the conviction was minimal because a murder conviction is not probative of veracity and the conviction at issue was over three decades old. In contrast, the prejudicial effect of a murder conviction is substantial. Thus, the Court found that, on balance, Rule 403 concerns militated in favor of excluding the conviction. Dkt. 284 at 7.

Defendant now argues that the Court inappropriately evaluated the admissibility of the murder conviction under Rule 609(a)(1)(B), which provides, that "*in a criminal case* in which the witness is a defendant," a prior conviction must be admitted "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B) (emphasis added). However, the Court's ruling specifically relied on Rule 609(a)(1)(A), which applies to civil cases. Dkt. 284 at 5. Indeed, the cases cited by the Court to support its exclusion of the murder conviction were decided under Rule 609(a)(1)(A) and 403. Id.; see also Ellis v. Navarro, No. C 07-5126 SBA PR, 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) (granting motion in limine to exclude prior conviction for attempted murder under Rule 403) (Armstrong, J.); Jones v. Sheahan, No. 99 C 3669, 01 C 1844, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003) (excluding evidence of a murder conviction under Rule 609 and 403 because "[t]he offense of murder is not highly probative of credibility, and the risk of unfair prejudice would result from the

admission of that evidence is substantial").[1]  Nothing in Defendant's motion for leave to file a motion for reconsideration leads the Court to deviate from the conclusion that the probative value of the murder conviction is substantially outweighed by a danger of unfair prejudice.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's Motion for Leave to File a Motion for Reconsideration of Court's Ruling on Defendant's Motion in Limine No. 7 and Plaintiff's Motion in Limine No. 1 is DENIED.

IT IS SO ORDERED.

Dated: 1/20/18

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[1] Defendant faults the Court for citing United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995), claiming that it applies to the admissibility of prior convictions in criminal cases. However, the Court cited the multi-factor test in Alexander for guidance in evaluating the probative value of the prior convictions, which, of course, must be evaluated under Rules 609(a)(1)(A) and (B) as well as Rule 403.  Dkt. 284 at 6.  Courts have routinely applied the factors articulated in Alexander to determine admissibility of a prior conviction in civil cases.  See Norris v. Bartunek, No. 15 C 7306, 2017 WL 4556714, at *2 (N.D. Ill. Oct. 12, 2017) (citing cases); Jones v. City of Chicago, No. 14-CV-4023, 2017 WL 413613, at *9 (N.D. Ill. Jan. 31, 2017) (citing United States v. Montgomery, 390 F.3d 1013, 1015 (7th Cir. 2004)).