UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM CORDOBA,<br><br>  Plaintiff,<br><br>vs.<br><br>SYLVIA PULIDO,<br><br>  Defendant. | Case No: C 12-4857 (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE NO. 5**<br><br>Dkt. 237 |

The parties are presently before the Court on Plaintiff William Cordoba's motion in limine no. 5. Plaintiff seeks to preclude Defendant Sylvia Pulido from presenting evidence regarding her reasons for destroying her file on inmate Stanley Kelley ("Kelley"). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

## I. BACKGROUND

Plaintiff brings the instant action under 42 U.S.C. § 1983, alleging that Defendant engaged in sexual harassment or abuse in violation of his rights under the Eighth Amendment. Among other things, Plaintiff alleges that during the time period in which he and Defendant were sexually involved, Defendant was contemporaneously engaged in a sexual relationship with Kelley.

During the course of discovery, Plaintiff's counsel learned that Defendant had destroyed her "supervisory file" (also referred to as a "student file") on Kelley. According to Defendant's deposition testimony, the file contained "post orders," a "student file, tests, exams, whatnot," and a file entitled "CDC 101." Dkt. 150 at 2. According to Defendant, around November 2014, she was transitioning from Vocational Janitorial Supervisor to Supervising Correctional Cook. Pulido Decl. ¶¶ 13, 14, Dkt. 177. Upon returning to her

former office, she placed Kelley's file, along with the files of other students, into a shredding bin. Id. Defendant asserted that, because the file allegedly pertained to her former position, she did not believe it contained anything relevant to this case. In a subsequent declaration, Defendant also mentioned that the prison investigators previously took files from her office, but left Kelley's supervisory file, further suggesting to her that it did not contain anything of relevance. Id. ¶ 15.

Following Defendant's deposition, Plaintiff filed a motion for an adverse inference instruction based on the spoliation of evidence. Magistrate Judge Sallie Kim ("Magistrate") recommended that the Court give a permissive adverse inference instruction at trial. Dkt. 155, 159. Defendant filed objections to the Magistrate's recommendation. In response, this Court ruled that:

> [I]t is premature to address Plaintiff's request for an adverse inference instruction. The resolution of whether such an instruction is warranted (and the appropriate language of the instruction, if given) is dependent, as a threshold matter, on whether and to what extent evidence regarding Defendant's alleged sexual relationship with Stanley Kelley is admitted during trial. Since these admissibility issues have yet to be resolved, the Court finds it preferable from both a procedural and substantive standpoint to revisit this issue after the admissibility of such evidence is fully briefed.

Dkt. 205. The Court has since ruled that Plaintiff may present evidence pertaining to Defendant's relationship with Kelley. See Sealed Order on Mots. in Limine, Dkt. 284 at 21-24.

## II. DISCUSSION

Plaintiff's motion presents two issues: (1) whether the Court should give a permissive adverse inference instruction; and (2) if such an instruction is given, whether Defendant should be permitted to offer evidence to justify her reasons for destroying the Kelley file.

### A. PERMISSIVE ADVERSE INFERENCE INSTRUCTION

A party has a duty to preserve all evidence that it knows or should know is relevant to any present or future litigation. Leon v. IDX Sys. Corp., 464 F.3d 951, 956 (9th Cir.

2006); see The Wagstaffe Group Practice Guide: Fed. Civ. P. Before Trial 35-II[B][3], 35.164 (2017). The failure to preserve or the destruction of such evidence constitutes spoliation. See In re Terrorist Bombings of U.S. Embassies in E. Afr., 552 F.3d 93, 148 (2d Cir. 2008). A permissive adverse inference instruction is appropriate in cases where the spoliating party had a duty to preserve evidence but negligently failed to do so. See In re Black Diamond Min. Co., LLC, 514 B.R. 230, 242 (E.D. Ky. 2014) ("Generally, a permissive or rebuttable adverse inference instruction is adequate punishment for negligent spoliation."); Clark Const. Grp., Inc. v. City of Memphis, 229 F.R.D. 131, 136 (W.D. Tenn. 2005) (granting request for rebuttable adverse inference instruction based upon a finding that the defendant acted negligently in destroying documents that it claimed "were reasonably viewed as garbage … that a reasonable person would consider not to be relevant"); see also Stocker v. United States, 705 F.3d 225, 235 (6th Cir. 2013).

      Here, Defendant acknowledges that she had control over the Kelley file and was under a duty to preserve it. See Bright Solutions for Dyslexia, Inc. v. Doe 1, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015) ("Once a complaint is filed, parties to a lawsuit are 'under a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence.'"). Defendant explains her conduct by stating that the file contained only "mundane documents" typical of those contained in files of her other student inmates and that some of the documents were generated before Defendant and Plaintiff met. Dkt. 168 at 13-14. Of course, it is impossible to ascertain whether or not that is true, since Defendant destroyed the file and there are no known copies of its contents. See Alabama Aircraft Indus., Inc. v. Boeing Co., 319 F.R.D. 730, 743 (N.D. Ala. 2017) ("While the burden of establishing prejudice generally falls on the party seeking sanctions, the court is cognizant that AAI will likely never be able to prove what was contained in the destroyed evidence. In such a situation, only the party that engaged in the destruction knows how much prejudice has been caused (or potentially caused) by the destruction."); Carter v. Butts Cty., Georgia, No. 5:12-CV-209 (LJA), 2016 WL 1274557, at *8 (M.D. Ga. Mar. 31, 2016) ("Without the camera,

Plaintiffs are prejudiced because it is impossible to prove exactly what photos were on the camera."); Brown v. Chertoff, 563 F. Supp. 2d 1372, 1379 (S.D. Ga. 2008) ("To require a party to show, before obtaining sanctions, that unproduced evidence contains damaging information would simply turn 'spoliation law' on its head."). The Court therefore finds that a permissive adverse inference instruction is appropriate.

### B. LIMITATION OF TESTIMONY

Defendant contends that, if the Court gives a permissive adverse inference instruction, she should be permitted to explain to the jury the reasons why she discarded the Kelley file. Dkt. 244 at 7-8. Plaintiff argues that Defendant should be precluded from offering such testimony on the ground that she invoked the attorney-client privilege in response to certain questions at her deposition. In particular, he speculates that Defendant's assessment of relevance is necessarily intertwined with what defense counsel may have previously instructed her. Dkt. 237 at 11-13. However, there is nothing in the record to suggest that Defendant's stated reasons for discarding the Kelley file was in any way informed by the advice of her counsel.

Moreover, limiting Defendant's testimony in the manner advocated by Plaintiff also would be inconsistent with the purpose of a permissive adverse inference instruction. Such an instruction "is one that simply explains to the jury, as an example of the reasoning process known in law as circumstantial evidence, that a jury's finding of certain facts may (but need not) support a further finding that other facts are true…. It is simply an explanation to the jury of its fact-finding powers." Mali v. Fed. Ins. Co., 720 F.3d 387, 393 (2d Cir. 2013). In Mali, the court upheld the use of a permissive adverse inference instruction where the plaintiff had allegedly withheld a photograph during discovery. The instruction stated, inter alia, that "[if] the non-production of the photograph *has not been satisfactorily explained*, then you may infer, though you are not required to do so, that if the photograph had been produced in court, it would have been unfavorable to the Plaintiffs. You may give any such inference, whatever force or effect as you think is appropriate under all the facts and circumstances." Id. at 391 (emphasis added). As in Mali, permitting

Defendant to explain her reasons for destroying the Kelley file is appropriate to assist the jury in its determination of whether it should infer that the file contained information unfavorable to Defendant.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's motion in limine no. 5 is DENIED. The Court will address the content of the permissive adverse inference instruction when it finalizes the jury

IT IS SO ORDERED.

Dated: 1/21/18

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge