UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLIAM CORDOBA,

    Plaintiff,

vs.

SILVIA PULIDO,

    Defendant.

Case No: C 12-04857 SBA

**ORDER**

Pursuant to the Court's order, Defendant has submitted a supplemental memorandum to support her objections to statements made by Stanley Kelley. These statements are contained in Confidential Memorandum prepared by Lt. Hal Williams, see Pl.'s Ex. 29, and two audio recordings of interviews conducted by the Office of Internal Affairs ("OIA"), see id. 91 & 83, 94 & 86.

Defendant objects to the admission of the Lt. Williams memo and the OIA interviews on both general and specific grounds. First, Defendant objects that all statements in the exhibits should be excluded as hearsay. Second, she provides objections to specific statements based on hearsay and other grounds. The Court will issue a separate order providing further reasoning on the general hearsay objection, but provides the following rulings in order to expedite the parties' preparation of these materials for trial.

**A. LT. WILLIAMS MEMO**

With regard to the memorandum prepared by Lt. Hal Williams following his interview with Mr. Kelley on September 9, 2010, which is found at Exhibit A to the parties' Joint Statement, Dkt. 295-5, the Court rules as follows:

1. Defendant's objection to Plaintiff's designation of the lines beginning "On Thursday, September 9, 2010" and continuing through "during the course of the interview stating" on the ground that it is incomplete is SUSTAINED, and the lines beginning "I know that you already know" and continuing through "I don't want to lose my date" are added for completeness.

2. Defendant's objections to Plaintiff's designation of the lines beginning "So this is the truth Williams" and continuing through "lasted for about a week and a half" are OVERRULED.

3. Defendant's objection to Plaintiff's designation of the lines beginning "I thought about it" and continuing through "we would have to stop" is OVERRULED.

4. Defendant's objections to Plaintiff's designation of the lines beginning "She (Silvia) became very angry" and continuing through "until Cordoba (C-49732) was hired" are OVERRULED.

5. Defendant's objection to Plaintiff's designation of the testimony "started trying to make me jealous" on the grounds that it is speculative and lacks personal knowledge is SUSTAINED.

6. Defendant's objection to Plaintiff's designation of the lines beginning "On one occasion" and continuing through "blouse unbuttoned" is OVERRULED.

7. Defendant's objection to Plaintiff's designation of the lines beginning "On another occasion" and continuing through "and folding them back up" is OVERRULED.

8. Defendant's objection to Plaintiff's designation of the section titled "Reliability" on the ground that it lacks foundation is SUSTAINED.

### B. OIA INTERVIEW DATED SEPTEMBER 10, 2010

With regard to Mr. Kelley's interview on September 10, 2010, which is found at Exhibit B to the parties' Joint Statement, Dkt. 295-6, the Court rules as follows:

1. Defendant's objections to Plaintiff's designation of lines 3:10-4:23 are OVERRULED.

2. Defendant's objection to Plaintiff's designation of lines 4:12-4:18 on the grounds that this testimony contains hearsay is SUSTAINED.

3. Defendant's objection to Plaintiff's designation of lines 5:19-6:24 is OVERRULED.

4. Defendant's objections to Plaintiff's designation of lines 6:25-7:2 are OVERRULED.

5. Defendant's objection to Plaintiff's designation of lines 7:3-7:11 is OVERRULED.

6. Defendant's objection to Plaintiff's designation of lines 7:14-7:17 (beginning with "When I get back to the building . . . ") on the ground that this testimony contains hearsay is SUSTAINED.

7. Defendant's objection to Plaintiff's designation of lines 7:23-8:11 is OVERRULED.

8. Defendant's objections to Plaintiff's designation of lines 8:12:8:16 are OVERRULED.

9. Defendant's objections to Plaintiff's designation of lines 8:17-8:21 are OVERRULED.

10. Defendant's objections to Plaintiff's designation of lines 8:22-9:4 on the grounds that this testimony contains hearsay and lacks personal knowledge are SUSTAINED.

11. Defendant's objections to Plaintiff's designation of lines 10:9-10:11 are OVERRULED.

12. Defendant's objection to Plaintiff's designation of lines 10:12-10:18 on the ground that this testimony contains hearsay is SUSTAINED.

13. Defendant's objection to Plaintiff's designation of lines 11:11-11:17 on the ground that this testimony contains hearsay is SUSTAINED.

14. Defendant's objections to Plaintiff's designation of lines 12:2-12:7 are OVERRULED.

15. Defendant's objection to Plaintiff's designation of lines 12:8-12:24 on the ground that it contains hearsay is SUSTAINED only as to lines 12:22-12:24 (to exclude "So when I leave - this infuriate me - when I leave, somebody say that dude over there talking to the lady. What?")

16. Defendant's objection to Plaintiff's designation of lines 12:24-13:7 is OVERRULED.

17. Defendant's objections to Plaintiff's designation of lines 13:8-13:13 on the ground that this testimony is speculative and lacks personal knowledge are SUSTAINED.

18. Defendant's objections to Plaintiff's designation of lines 13:18-13:20 on the ground that this testimony is speculative and lacks personal knowledge are SUSTAINED.

19. Defendant's objections to Plaintiff's designation of lines 14:12-14:20 on the grounds that this testimony contains hearsay, is speculative, and lacks personal knowledge are SUSTAINED.

### C. OIA INTERVIEW DATED FEBRUARY 17, 2011

With regard to Mr. Kelley's interview on February 17, 2011, which is found at Exhibit C to the parties' Joint Statement, Dkt. 295-7, the Court rules as follows:

1. Defendant's objection to lines 4:3-4:8 is OVERRULED as unripe because Plaintiff has not designated this portion of the interview.

2. Defendant's objections to Plaintiff's designation of lines 11:20-12:2 are OVERRULED.

3. Defendant's objections to Plaintiff's designation of lines 12:4-12:15 are OVERRULED.

4. Defendant's objections to Plaintiff's designation of lines 12:16-12:23 are OVERRULED.

5. Defendant's objection to Plaintiff's designation of lines 12:24-14:2 is OVERRULED.

6. Defendant's objections to Plaintiff's designation of lines 14:3-14:20 are OVERRULED.

7. Defendant's objections to Plaintiff's designation of lines 15:4-15:16 are OVERRULED. The Court notes that the transcript attributes the statements at 15:4-15:8 to "INMATE CORDOBA," which the Court presumes is in error. Unless there is a genuine dispute as to the identity of the speaker, the parties should stipulate that this statement be attributed to "INMATE KELLEY."

8. Defendant's objection to Plaintiff's designation of lines 15:17-16:19 is OVERRULED.

9. Defendant's objection to Plaintiff's designation of lines 21:1-21:22 is OVERRULED.

10. Defendant's objections to Plaintiff's designation of lines 23:8-23:20 are OVERRULED.

11. Defendant's objection to Plaintiff's designation of lines 36:13-38:17 is OVERRULED. The Court observes that the identity of "he" in this testimony is not immediately clear, and suggests that the parties add lines 28:1-28:4 for clarity; however, this is merely a suggestion.

12. Defendant's objections to Plaintiff's designation of lines 38:18-38:21 are OVERRULED.

13. Defendant's objection to Plaintiff's designation of lines 38:22-40:19 is OVERRULED.

14. Defendant's objections to Plaintiff's designation of lines 40:20-40:25 on the grounds that the testimony is speculative and lacks personal knowledge are SUSTAINED.

15. Defendant's objection to Plaintiff's designation of lines 41:1-42:11 is OVERRULED.

IT IS SO ORDERED.

Dated: January 24, 2018

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge